UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                Chapter 13
Essie M. Phifer,                                                     Case No. 09-33705-svk
        Debtor.

Essie M. Phifer,

        Plaintiff,

v.                                                                   Adv. No. 15-2554

City of Milwaukee,

        Defendant.

**MEMORANDUM DECISION**

Essie Phifer filed a complaint accusing the City of Milwaukee of violating the discharge injunction issued in her Chapter 13 bankruptcy case. The City moved to dismiss the complaint for failing to state a claim upon which relief can be granted. The parties have briefed the issue of whether the City's attempt to foreclose on the Debtor's home for pre-petition tax liabilities violated the discharge.

**FACTS**

The facts are not disputed. The Debtor and her spouse filed a Chapter 13 case on September 23, 2009.[1] The City filed a proof of claim in the amount of $39,332.92, claiming that $23,500.00 was secured by tax liens on the Debtor's home, and the balance was unsecured.

---

[1] On February 16, 2010, the Court entered an order dismissing the case as to the Debtor's spouse, only. To simplify, this Decision will refer solely to the Debtor, although at various relevant times, there were two Debtors participating in the case.

(Claim No. 3-1.) The attachment to the claim shows various tax liabilities from 2003 through 2008 totaling $39,332.92, and the assessed value of the property as $23,500.00.[2]

On December 16, 2009, mimicking exactly the terms in the claim, the Debtor filed a Chapter 13 plan listing the City as holding a secured claim of $23,500.00 out of a total debt of $39,332.92. (Docket No. 27.) The plan proposed to pay the City's secured claim in full with interest at 12%. Unsecured claims were not slated to receive any payment under the plan. Importantly, the plan states in bold print: "Secured Claims. The holder of a secured claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328." (*Id.* at ¶ 6.) The City did not object to the plan.

On April 10, 2010, the Court confirmed the Debtor's plan. (Docket No. 44.) On June 11, 2015, the Trustee reported that the Debtor had completed all payments under her plan. (Docket No. 72.) The Court granted the Debtor's discharge on June 25, 2015. (Docket No. 76.) The Trustee's final report and account shows that the Trustee distributed $23,500.00 in principal and $9,305.26 in interest to the City on account of its secured claim. (Docket No. 78.)

On September 9, 2015, the City filed a foreclosure action against the Debtor's property in the Milwaukee County Circuit Court for delinquent tax liens dating from 2005. (Adv. Docket No. 6-6.) The City contends that the tax foreclosure proceeding is an *in rem* proceeding that does not violate the Debtor's discharge. The Debtor argues that the City's tax lien was stripped by the completion of the plan, and the remaining pre-petition tax liability was discharged, so that

---

[2] The Debtor did not object to the City's unsecured claim, although she could have under Bankruptcy Code § 502(b)(3), providing that if a party objects, a property tax claim cannot be allowed in an amount that exceeds the value of the estate's interest in the property. *See In re 300 Wash. St. LLC*, 528 B.R. 534 (Bankr. E.D.N.Y. 2015) (disallowing a real estate tax claim to the extent it exceeded the value of the property).

2

the City's tax lien foreclosure violated the discharge injunction. The Court agrees with the Debtor.

## ANALYSIS

The issue is whether the Debtor's completion of the Chapter 13 plan effectively avoided or "stripped" the City's lien, and whether the City's subsequent enforcement of its lien violated the discharge injunction. The lien stripping provisions begin with Bankruptcy Code § 506, providing in relevant part that a lien is void "[t]o the extent that [it] secures a claim against the debtor that is not an allowed secured claim." 11 U.S.C. §506(d). Under §506(a), a claim can only be "secured" to the extent that a debtor's bankruptcy estate has an interest in the property securing the lien. 11 U.S.C. §506(a). Subsection (a)(1) states, "An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." *Id*. Thus, a creditor has a secured claim under §506(a) only to the extent that the creditor's lien attaches to value in the property that the lien encumbers.

Although under current precedent, a debtor cannot use § 506 alone to avoid a creditor's lien, under certain conditions, the debtor can accomplish lien stripping by virtue of completion of a Chapter 13 plan. *See Dewsnup v. Timm*, 502 U.S. 410 (1992) (§ 506(d) does not permit lien stripping in Chapter 7 cases); *Ryan v. United States (In re Ryan)*, 725 F.3d 623, 625 (7th Cir. 2013) (*Dewsnup's* interpretation of § 506(d) applies in Chapter 13); *but see Monroe v. Seaway Bank & Trust Co. (In re Monroe)*, 509 B.R. 613, 620 (Bankr. E.D. Wis. 2014) (reconciling *Dewsnup* and *Ryan* and allowing lien stripping under § 1322(b)(2)).

The Seventh Circuit has acknowledged that a Chapter 13 plan can modify the rights of secured creditors by lien stripping. *Palomar v. First Am. Bank*, 722 F.3d 992, 995 (7th Cir. 2013). Citing Bankruptcy Code § 1322(b)(2), the court of appeals stated that lien "strip-off" rights differentiate Chapter 13 from Chapter 7. *Id.* This case is a Chapter 13 case, not a Chapter 7 case, and the Debtor took advantage of the ability to strip down the City's tax lien to the value of the property securing it.

There are some limits on a debtor's ability to strip liens in a Chapter 13 case. Section 1322(b)(2) provides that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." Even though the City's tax lien is secured solely by the Debtor's principal residence, the tax lien does not qualify as a "security interest" under the Bankruptcy Code, and the restriction on modification of residential real estate liens does not apply to the City's lien. *See* 11 U.S.C. § 101(51) (security interest means lien created by agreement). Accordingly, notwithstanding the so-called "anti-modification provision," the Debtor's plan could modify the City's claim by stripping down the City's lien to the value of the Debtor's property.

Also, lien stripping will not be effective unless the debtor completes the plan (and, under some authority, receives a discharge). Conversion or dismissal of the case prior to completion will reinstate any lien that the plan proposes to strip. *See* 11 U.S.C. §§ 348, 349. As the court noted in *Monroe,* §§ 1322(b)(2) and 1327(b) and (c) combine to permit a "chapter 13 plan [to terminate] the creditor's foreclosure right permanently only if the debtor completes the plan." 509 B.R. at 621.

4

Case 15-02554-svk    Doc 9    Filed 03/11/16    Page 4 of 7

Expert commentators recognize that "§ 1325(a)(5)(B)(i)(I)(bb) confirms that in Chapter 13 cases, liens are released at discharge based on payment of the allowed secured claim provided for by the plan. If the plan bifurcated the debt and provided for full payment of the allowed secured portion, then the lien is released at discharge without regard to whether the 'underlying debt determined under nonbankruptcy law' is paid in full." Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4th Edition, § 560.1, ¶ 5, Sec. Rev. Apr. 14, 2009, www.Ch13online.com. In this case, the plan proposed payment in full of the City's $23,500.00 allowed secured claim, with interest at 12%. When the Debtor completed the plan payments and received her discharge, the City's lien was released, even though the City received no payment on the unsecured portion of its claim.

Neither the City, the Trustee nor any other creditor objected to the plan's treatment of unsecured creditors. Upon confirmation, the City and all creditors were bound by the terms of the plan. 11 U.S.C. § 1327(a). Section 1327(b) provides that unless the plan or confirmation order provides otherwise, "the confirmation of a plan vests all property of the estate in the debtor." In this case the plan provided for property of the estate to vest in the Debtor at confirmation. (Docket No. 27 at ¶ 9.)

Moreover, § 1327(c) provides that, except to the extent provided by the plan, property of the estate vests in the debtor "free and clear of any claim or interest of any creditor provided for by the plan." The City's lien is an interest in property, and this powerful provision effectively extinguished it, except to the extent that the Debtor's plan retained the lien. *See In re Penrod*, 50 F.3d 459, 463 (7th Cir. 1995) (unless a plan or the order confirming plan says that the lien is preserved, it is "extinguished by confirmation"). The Debtor's plan only preserved the lien until discharge by stating: "Secured Claims. The holder of a secured claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under

5

non-bankruptcy law or discharge under Section 1328." (Docket No. 27, ¶ 6.) Reading this provision with Bankruptcy Code § 1327(c) leads to the conclusion that, when the Debtor received her discharge, the City no longer retained its lien. The City's right to foreclose its lien ended when the Debtor completed her plan and received a discharge.

In its brief, the City argues that it did not violate the Debtor's discharge injunction because it did not pursue the Debtor personally, it only exercised its *in rem* rights. But after the Debtor's Chapter 13 discharge stripped the lien, the City had no *in rem* rights to exercise. The cases cited by the City for the proposition that liens pass through bankruptcy unaffected are unconvincing; liens certainly can be avoided by a debtor's reorganization plan. *See Penrod*, 50 F.3d at 463 (liens pass through bankruptcy unaffected, unless they are brought into the bankruptcy proceeding and dealt with there). In this case, the Debtor's plan dealt with the City's lien by stripping or avoiding it to the extent the lien exceeded the value of the Debtor's property. Perhaps the language of the District's model plan could be clearer. Judge Lundin suggests:

> It is probably a good idea after BAPCPA for every Chapter 13 plan to explicitly provide for the release of liens at discharge consistent with new § 1325(a)(5)(B)(i)(I)(bb). A simple statement — "unless stated otherwise in this plan, at the entry of discharge all liens provided for by this plan are released consistent with section 1325(a)(5)(B)(i)(I)(bb)"— could be a Chapter 13 debtor's best position to realize the full effect of discharge on liens at the end of a Chapter 13 case.

CHAPTER 13 BANKRUPTCY, § 560.1 at ¶ 15.

But even in the absence of more explicit release language, the Court rejects the City's argument that the plan and applicable provisions of the Bankruptcy Code did not effectively avoid the City's lien in this case. The plan provided in bold print that the City would retain its lien until discharge, and § 1327 vested the property in the Debtor free of the City's lien except to that extent. Many Chapter 13 cases do not succeed, and in those cases the City's lien would have been reinstated. But the Debtor successfully completed her plan, received her discharge and

accomplished the avoidance of the City's lien from the property. Therefore, the City's enforcement of that lien to recover the discharged unsecured tax claim violated the discharge injunction.

## SUMMARY AND CONCLUSION

The Debtor proposed a plan bifurcating the City's claim into secured and unsecured portions. The plan called for paying the City's secured claim in full with interest at 12%, and paying nothing on the City's unsecured claim. The plan also provided that the City would retain the lien securing the secured claim until the earlier of discharge or payment in full of the City's claim. The City did not object, and the Court confirmed the plan. Confirmation effected a vesting of the property in the Debtor free and clear of the City's lien, except to the extent provided by the plan. This resulted in avoidance of the City's lien to the extent it exceeded the value of the Debtor's property. If the Debtor's case had converted to Chapter 7 or dismissed, the City's lien would have been reinstated for the full amount. When the Debtor completed the plan and received her discharge, the City's lien was extinguished or stripped from the property. The City could not attempt to enforce the lien without violating the terms of the plan and the discharge injunction. The Debtor's complaint states a claim against the City upon which relief may be granted. The Court will enter a separate order denying the City's motion to dismiss the complaint.

Dated: March 11, 2016

By the Court:

*Susan Kelley*
Susan V. Kelley
Chief U.S. Bankruptcy Judge